PUBLISHED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:04CR00045 |
| ) | |
| v. ) | **OPINION SETTING FORTH** |
| ) | **REASONS FOR SENTENCE** |
| **DAVID JOE SHELTON,** ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |
| ) | |

*Dennis H. Lee, Special Assistant United States Attorney, Tazewell, Virginia, for United States; David D. Walker, Salem, Virginia, for Defendant.*

For the reasons set forth in this opinion, I find it reasonable to sentence the defendant to 360 months imprisonment, rather than the advisory guideline sentence of life imprisonment.

David Joe Shelton was charged in a Second Superseding Indictment with conspiring to possess with the intent to distribute and distribute oxycodone, a controlled substance (Count One), possessing with the intent to distribute and distribution of oxycodone (Count Two), and engaging in a continuing criminal enterprise ("CCE") (Count Three). 21 U.S.C.A. §§ 841, 846, 848 (West 1999). He was convicted by a jury of all of the charges, although I thereafter vacated the

conspiracy conviction (Count One) as a lesser-included offense of the CCE. *See United States v. Shelton*, No. 1:04CR00045, 2005 U.S. Dist. LEXIS 23722, at *15 (W.D. Va. Oct. 16, 2005).

After the defendant's trial, a probation officer of this court prepared a presentence investigation report ("PSR"). The facts as shown in the PSR and at the sentencing hearing concerning the defendant and his criminal conduct are as follows.

Shelton, the owner of a small trucking business, illegally purchased and distributed controlled drugs, namely the prescription pain medications Tylox and OxyContin. Much of the evidence against the defendant came from cooperating government witnesses, including some former employees, who asserted that they had purchased drugs from the defendant and sold them to others on his behalf. State and federal authorities began the present investigation of Shelton in 2003, although he had previously attracted law enforcement attention in 1999 and 2000, when he had been arrested for possession of illegal drugs. In two of his prior arrests, he had been in possession of large amounts of cash.

After obtaining statements from cooperating witnesses, the authorities arrested Shelton on June 8, 2004. He was questioned by a federal agent and gave statements admitting to illegally obtaining and distributing a large number of Tylox and

OxyContin tablets over an eight-year period.[1]  At trial, Shelton testified and denied making the incriminating admissions to the agent.  He denied distributing the drugs, although he admitted that he had a long-standing addiction to opiates, which he said he had purchased for his own use from earnings from his trucking business.

The probation officer calculated the quantity of drugs involved in the criminal conduct by reconstructing the total number of Tylox and OxyContin pills purchased by Shelton over the years, based on Shelton's statements after his arrest.  In accord with the method provided for in Sentencing Guidelines, the weight of these pills was converted by the probation officer to an equivalent weight of marijuana.  *See* United States Sentencing Guideline Manual ("USSG") 2D1.1 cmt. n.11 (2004).  That weight placed Shelton in the highest sentencing category under the Drug Quantity Table.  *See* USSG § 2D1.1(c) (2004) (providing for a Base Offense Level of 38 for 30,000 kilograms or more of marijuana).  Since Shelton had been convicted of engaging in a CCE, his offense level was increased by four levels, to 42.  *See* USSG § 2D1.5(a) (2004).  Finally, because of his trial testimony, the probation officer recommened an increase for obstruction of justice, bringing Shelton's Total Offense Level to 43, the maximum permitted under the Sentencing Guidelines.  Under the Sentencing Guidelines, the recommended sentence of imprisonment for a defendant with a Total

---

[1] Tylox and OxyContin contain oxycodone, a schedule II controlled substance.

Offense Level of 43 in any Criminal History Category is life.  USSG ch. 5, pt. A, Sentencing Table (2004).

At the sentencing hearing, the defendant objected to the guideline calculation, primarily because of the recommended drug quantity.  The defendant argued that his statements to the federal agent, on which the probation officer based her recommendation, were uncorroborated by other evidence and in fact were inconsistent with some aspects of the government's case.  After hearing evidence from the probation officer and the case agent, I adopted the probation officer's recommendation, finding that the government had proved that this amount was more likely true than not.  *See United States v. Kiulin*, 360 F.3d 456, 461 (4th Cir. 2004) (describing the government's burden of proof of drug quantity).  I also rejected the defendant's argument that the drug quantify purchased by him should be reduced by the amount of drugs which he himself had used.  *See United States v. Page*, 232 F.3d 536, 541-42 (6th Cir. 2000) (holding that drugs used by defendant were properly included in determining the quantity of drugs defendant knew were distributed by the conspiracy).

While the Sentencing Guidelines are not mandatory, *United States v. Booker*, 125 S. Ct. 738, 745 (2005), I am obligated to "consult those Guidelines and take them into account," along with the sentencing goals set forth in 18 U.S.C.A. § 3553(a)

(West 2000 & Supp. 2005). *Id.* at 767. Under the circumstances of this case, I find that a sentence below that calculated under the guidelines is appropriate.

Under § 3553(a), I must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "need for the sentence imposed—

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant; and

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C.A. § 3553(a). The sentence imposed must be sufficient, "but not greater than necessary," to comply with these purposes. *Id.*

After consideration of these factors, I find that a sentence of 360 months is reasonable. There is no doubt that the defendant's crime was a serious one, in light of its duration and the amount of dangerous drugs distributed. He clearly deserves a lengthy sentence in light of this seriousness, as well as to protect the public from his own possible future criminal conduct and to act as a deterrent to others. On the other hand, his drug trafficking alone would not have placed him in a Total Offense Level

43, in which life imprisonment is the only guideline-recommended alternative. Without the enhancement for obstruction of justice, his Total Offense Level would have been 42. Because he has a Criminal History Category of III,[2] his guideline range under those circumstances would have been 360 months to life imprisonment. *See* USSG ch. 5, pt. A, Sentencing Table.

While obstruction of justice is cause for enhancing a defendant's sentence, the extraordinary difference it makes under the Sentencing Guidelines in this case does not justify following the guideline sentence. The defendant is now 37 years old and even if he receives the maximum credit for good behavior from the Bureau of Prisons, he will be 62 years old when he is released from a sentence of 360 months. *See* 18 U.S.C.A. § 3624(b) (West 2000) (providing maximum of 54 days of credit for satisfactory behavior for each year of service of sentence). To require the defendant to serve out the rest of his natural life above age 62 is not required by the circumstances of this case nor by any deterrence justification.

---

[2] While the defendant has a prior criminal record, he has no prior convictions for drug trafficking and in fact no previous sentences of incarceration. The reason that the defendant has a Criminal History Category of III is that he was on three years probation for a 1999 drug possession charge during part of the criminal conduct in this case. *See* USSG § 4A1.1(d) (2004) (adding two criminal history points if the defendant committed the instant offense while under any criminal justice sentence, including probation.)

Congress has fixed a mandatory minimum sentence of 20 years imprisonment for conviction of engaging in a CCE. 21 U.S.C.A. § 848(a). The sentence for the defendant is well above that mandatory minimum, which recognizes the particular seriousness of his conduct. While the defendant's sentence is very lengthy, I find that it is reasonable based upon the factors set forth in § 3553(a).

DATED: November 7, 2005

/s/ JAMES P. JONES
Chief United States District Judge