# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:04CR00045 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **DAVID JOE SHELTON**, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

*Dennis H. Lee, Special Assistant United States Attorney, Abingdon, Virginia, for the United States; Noell P. Tin, Tin Fulton Walker & Owen, PLLC, Charlotte, North Carolina, for Defendant.*

The defendant, previously sentenced by this court, has filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West 2006). I will allow the defendant an opportunity to show cause why the motion should not be dismissed because certain of the grounds of the motion were not raised on the defendant's earlier direct appeal.

I

The defendant, David Joe Shelton, and a codefendant, Jerry Randall Palmer, were charged by indictment with conspiracy to possess with intent to distribute and to distribute oxycodone (Count One) and with the substantive offense of possession

with the intent to distribute and distribution of the same drug (Count Two), in violation of 21 U.S.C.A. §§ 841(a)(1) and 846 (West 1999 & Supp. 2008). Shelton was also charged with engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C.A. § 848 (West 1999) (Count Three). Shelton was convicted by a jury of all three counts. Following the verdict, I sua sponte vacated the conspiracy count conviction because it was a lesser included offense of the CCE conviction. *See United States v. Shelton*, 1:04CR00045, 2005 WL 2614939, at *5 (W.D. Va. Oct. 16, 2005).

While the advisory sentencing guidelines provided for life imprisonment, I sentenced Shelton to a total of 360 months imprisonment. *See United States v. Shelton*, 397 F. Supp. 2d 789 (W.D. Va. 2005) (setting forth reasons for sentence).

Shelton appealed, but his convictions and sentence were affirmed. *United States v. Shelton*, 200 F. App'x 219 (4th Cir. 2006), *cert. denied*, 127 S. Ct. 1296 (2007). Shelton then filed this § 2255 motion, raising the following four claims: (a) the indictment was constructively amended; (b) the jury instructions failed to define the CCE offense; (c) prior counsel was ineffective in failing to request a buyer-seller instruction; and (d) an unadjudicated arrest was used to increase the defendant's Criminal History Category at sentencing.

II

To state a claim for relief under § 2255, a federal defendant must prove that one of the following occurred: (1) His sentence was "imposed in violation of the Constitution or laws of the United States"; (2) The "court was without jurisdiction to impose such a sentence"; or (3) The "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A. § 2255(a). The defendant bears the burden of proving the grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958).

### A. PROCEDURAL DEFAULT.

A collateral attack under § 2255 may not substitute for an appeal. Claims regarding trial errors that could have been, but were not raised on direct appeal are barred from review under § 2255, unless the defendant shows cause for the default and actual prejudice resulting from such errors or demonstrates that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). Cause for a procedural default must be something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate a miscarriage of justice so as to excuse

procedural default, the defendant must show actual innocence by clear and convincing evidence. *See id.* at 496. Although procedural default in the § 2255 context is an affirmative defense, courts agree that the district court may raise the default issue, sua sponte, provided that the existence of the defense is manifest from the record, the movant has an opportunity to respond to the defense, the record does not reflect any intention by the government to waive the defense, and the interests of judicial efficiency are furthered. *See, e.g., United States v. Willis*, 273 F.3d 592, 596-97 (5th Cir. 2001).

It is clear that Shelton could have raised three of his four claims on appeal. His arguments asserting constructive amendment of the indictment, errors in the jury instructions, and in calculating the advisory sentencing range are based on facts and legal precedent available to counsel at trial and during appellate proceedings. Counsel for the government has not raised this procedural default in response to Shelton's § 2255 claims. Nothing in the record suggests, however, that this omission was an intentional waiver of the defense or that the interests of justice do not support my raising it, sua sponte. Therefore, I find that claims (a), (b), and (d) are procedurally barred from review under § 2255 unless Shelton demonstrates cause and prejudice or actual innocence. To date, he has made no such showing. I recognize

that Shelton has had no notice until today that the court would consider this defense. Accordingly, I will give Shelton an opportunity to respond to it.[1]

### B. INEFFECTIVE ASSISTANCE AS TO JURY INSTRUCTIONS.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 687-88. A petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689. Second, to show prejudice, petitioner must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95.

---

[1] I note that in his § 2255 motion, Shelton did not allege ineffective assistance of counsel related to Claims (a), (b), or (d). In the event that he wishes to assert that reason now as cause for his failure to raise these claims on appeal, he must also demonstrate why they are not themselves procedurally defaulted under § 2255(f). *See Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000) (finding that errors of counsel may serve as cause to excuse the procedural default of specific constitutional claim, but only if petitioner demonstrates that errors violated petitioner's constitutional right to effective assistance of counsel and that the ineffective assistance claim itself is not procedurally defaulted). *See also Mayle v. Felix*, 545 U.S. 644, 664 (2005) (finding that late amendments to § 2255 action are time-barred under § 2255(f) unless they relate back under Fed. R. Civ. P. 15).

In claim (c), Shelton alleges that trial counsel erred in failing to make a timely request for a buyer-seller instruction related to the conspiracy charge. After the court had charged the jury and it had begun deliberations, Shelton's attorney asserted in open court that he had made a "terrible error" and after some discussion, stated, "So, what I'm asking the court to do is instruct the jury that merely a buyer, that if you're merely a buyer of drugs, even though that may be an illegal activity, that that in and of itself will not make you part of the conspiracy as charged in this case." (Trial Tr. vol. 3, 3-2, 3-4 & 3-5, April 21, 2005). I overruled the objection, finding that the conspiracy instruction was an accurate statement of the law. (*Id.* at 3-3). Shelton argues that counsel's admission of error proves that he did not make a strategic choice to omit an earlier request for a buyer-seller instruction. He also argues that the absence of the instruction related to the conspiracy count was prejudicial, given that his theory of defense, including his own testimony, conceded his purchase of oxycodone to support his addiction, a theory that was corroborated by the testimony of government witnesses.

Once an issue has been fully considered and decided by the court of appeals, the defendant cannot relitigate the issue before this court under § 2255. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). The record

-6-

reflects that Shelton argued on appeal that the jury should have received a buyer-seller instruction. In rejecting the claim, the Fourth Circuit noted,

> Shelton next maintains the district court abused its discretion in failing to instruct the jury that it could not convict Shelton of either Count One or Count Three simply because the evidence established the existence of a buyer-seller relationship. We review a district court's decision regarding whether to give a jury instruction, and the content of that instruction for an abuse of discretion. *United States v. Burgos*, 55 F.3d 933, 935 (4th Cir. 1995). The facts of this case reveal no such abuse of discretion. In fact, the record establishes that the district court included the requested language in its instruction relevant to Count Three, the CCE charge. Further, although the district court did not present this particular language in its instruction on Count One, as Shelton acknowledges in his brief, the district court sua sponte dismissed the conviction on this count. Thus, even assuming the court should have included the requested language, any potential error is moot.

*Shelton*, 200 F. App'x at 222. In light of the Fourth Circuit's holding that refusing the instruction was not abuse of discretion, I cannot find that counsel's performance was defective. Moreover, Shelton fails to demonstrate how the absence of the buyer-seller instruction on the conspiracy count prejudiced him in any way, since that charge was dismissed by the court. He raises no § 2255 claim of ineffective assistance regarding the court's instruction on the CCE charge of which he stands convicted. Finding no deficient performance or prejudice as required to establish an ineffective assistance claim under *Strickland*, I must deny relief as to claim (c).

-7-

III

For the stated reasons, it is **ORDERED** as follows:

1. As to claim (c), the Motion to Vacate, Set Aside, or Correct Sentence is DENIED; and

2. As to claims (a), (b), and (d), the defendant must submit within 20 days any response he wishes to offer regarding the court's finding that these claims are procedurally barred from review under § 2255. If no response is filed within this period, the claims will be dismissed.

ENTER: January 14, 2009

/s/ JAMES P. JONES
Chief United States District Judge