# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:04CR00045 |
| v. | ) **OPINION** |
| | ) |
| DAVID JOE SHELTON, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Dennis H. Lee, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Noell P. Tin, Tin Fulton Walker & Owen, PLLC, Charlotte, North Carolina, for Defendant.*

The defendant, a federal inmate, has filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West Supp. 2008). I find that the defendant's § 2255 claims are appropriately dismissed as defaulted because he failed to raise them on his earlier direct appeal.

I

The defendant, David Joe Shelton, was convicted by a jury in this court of conspiracy to possess with intent to distribute and to distribute oxycodone (Count One) and possession with the intent to distribute and distribution of the same drug (Count Two), in violation of 21 U.S.C.A. §§ 841(a)(1) and 846 (West 1999 & Supp.

2008); and engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C.A. § 848 (West 1999) (Count Three). Following the verdict, I sua sponte vacated the conspiracy conviction because it was a lesser included offense of the CCE conviction. *See United States v. Shelton*, 1:04CR00045, 2005 WL 2614939, at *5 (W.D. Va. Oct. 16, 2005).

While the advisory sentencing guidelines provided for life imprisonment, I sentenced Shelton to a total of 360 months imprisonment. *See United States v. Shelton*, 397 F. Supp. 2d 789 (W.D. Va. 2005) (setting forth reasons for sentence). Shelton appealed, but his convictions and sentence were affirmed.[1] *United States v. Shelton*, 200 F. App'x 219 (4th Cir. 2006) (unpublished), *cert. denied*, 127 S. Ct. 1296 (2007).

Shelton then filed this § 2255 motion, raising four claims: (a) the indictment was constructively amended; (b) the court's jury instructions failed to define the CCE offense; (c) prior counsel was ineffective in failing to request a buyer-seller

---

[1] In affirming the judgment on appeal, the Fourth Circuit identified Shelton's appellate issues as follows: (1) the trial court abused its discretion in limiting cross-examination of the government's cooperating witness; (2) the government failed to disclose impeachment material; (3) the trial court abused its discretion in failing to instruct the jury that it could not convict Shelton of either conspiracy or engaging in a continuing criminal enterprise "simply because the evidence established the existence of a buyer-seller relationship"; (4) insufficiency of the evidence to support his CCE conviction; and (5) the trial court erred at sentencing by using the probation officer's calculation of the drug quantity attributable to the defendant. *Shelton*, 200 F. App'x at 222.

-2-

instruction; and (d) an unadjudicated arrest was used to increase the defendant's Criminal History Category. The government has filed a Motion to Dismiss all Shelton's claims as without merit.

I denied relief as to claim (c), finding that Shelton could not establish the necessary elements of an ineffective assistance claim under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), because the court of appeals had already determined that the absence of a buyer-seller instruction was not abuse of discretion. *United States v. Shelton*, No. 1:04CR00045, 2009 WL 90119, at *3 (W.D. Va. Jan. 14, 2009). I found that the other three claims could have been raised on direct appeal, as they alleged trial court errors and were based on facts and legal precedent available to counsel at the time of trial and appeal. *Id.* at *2. I also found nothing in the record suggesting that the government had intentionally waived the affirmative defense of procedural default or "that the interests of justice do not support my raising it, sua sponte." *Id.*

Because Shelton had not received notice of the procedural default defense, I granted him an opportunity to respond to it. He has filed a response, arguing that the government waived the defense of procedural default and that the court should find exception to the default of two of his three remaining claims. The government has responded, asserting that omission of a procedural default argument from the Motion

to Dismiss was not an intentional waiver of the defense and that Shelton has not demonstrated any exception to default.

II

A collateral attack under § 2255 may not substitute for an appeal. Claims regarding trial errors that could have been, but were not raised on direct appeal are barred from review under § 2255, unless the defendant shows cause for the default and actual prejudice resulting from such errors or demonstrates that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack because he is likely actually innocent of criminal conduct. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). Procedural default in the habeas context is an affirmative defense. *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999). Accordingly, by failing to argue in response to the defendant's § 2255 motion that his claims are defaulted, the government waives its interest in asserting the finality of the judgment. *See, e.g., United States v. Metzger*, 3 F.3d 756, 757-58 (4th Cir. 1993) (citing other cases).

However, although the Supreme Court has left the question open,[2] many other courts, including the Fourth Circuit, have held that under some circumstances in the habeas context, the district court may raise the default issue sua sponte, despite the government's failure to present the defense. *See, e.g., Yeatts*, 166 F.3d at 261-62 (regarding collateral attack of state conviction under 28 U.S.C.A. § 2254 (West 2006), citing many other circuits); *Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992) (concluding that "the *Frady* defense [in the § 2255 context], like the procedural default and nonexhaustion defenses [in the § 2254 context], substantially implicates nonparty interests sufficiently weighty to permit sua sponte judicial review" of the issue). While the interest of comity between federal and state courts furthered by procedural default in the § 2254 setting is not a concern in the § 2255 setting, sua sponte application of a default defense in a § 2255 furthers the interest in finality in the judgment. *Id.* Moreover, in both types of habeas cases, default "substantially implicate[s] the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice." *Id.*

---

[2] *See Trest v. Cain*, 522 U.S. 87, 90 (1997). Based on *Trest*, Shelton contends that I lack authority to raise the issue of procedural default sua sponte in the habeas context. However, he admits that circuit courts, including the Fourth Circuit, have recognized that a district court holds such authority. *See, e.g., Yeatts v. Angelone*, 166 F.3d 255, 261-62 (4th Cir. 1999) (regarding collateral attack of state conviction, citing many other circuits).

Case 1:04-cr-00045-JPJ-mfu   Document 276   Filed 07/09/09   Page 5 of 9   Pageid#: 1496

On the other hand, because courts as a general rule should not consider issues that the parties have not presented to them, a district court should exercise its "power to raise a *Frady* defense sua sponte [only] in those situations where the court determines in its discretion that the transcendent interests served by that defense warrant it." *Hines*, 971 F.2d at 509. Factors to consider include whether "the existence of the defense is manifest from the record, the movant has an opportunity to respond to the defense, the record does not reflect any intention by the government to waive the defense, and the interests of judicial efficiency are furthered." *See, e.g., United States v. Willis*, 273 F.3d 592, 596-97 (5th Cir. 2001); *see also Metzger*, 3 F.3d at 758 (finding that where appeal raised only a single claim, interests of judicial efficiency did not "militate against" addressing § 2255 claim on merits).

I find that exercise of my discretionary authority to raise procedural default sua sponte is warranted under the circumstances in Shelton's case. First, it is clear from the record that the issues raised in Shelton's remaining claims were not raised on appeal. It is equally clear that these claims rely on facts and case law available to counsel at the time of trial and appeal. Second, Shelton has had notice and an opportunity to respond on the issue of procedural default. Third, counsel for the government indicates that he did not intentionally omit the argument that Shelton's § 2255 claims alleging trial court error are procedurally barred because the defendant

failed to raise them on direct appeal.  Moreover, no evidence in the record suggests that this omission was intentional.

Fourth, resolution of Shelton's three remaining claims on the merits would require considerable expenditure of judicial resources on issues that could have been raised and resolved far more efficiently at the time of trial when the parties and I were familiar with the facts and development of issues in the case.  Now, four years later, I would have to conduct time-consuming review of extensive trial records from the three-day jury trial to refamiliarize myself with the relevant facts and legal issues.  I would need to research and consider new legal issues.  Shelton himself asserts that one of his claims is "novel" and would require deciding an issue of first impression in this circuit.  Thus, I find that the interests of judicial efficiency, conserving judicial resources, and orderly disposition of justice will be furthered by invoking procedural default sua sponte in this case.

My finding that Shelton's claims are procedurally defaulted would not have precluded Shelton from obtaining review of the merits of his claims if he had shown cause for the default and resulting prejudice or actual innocence.  *Bousley v. United States*, 523 U.S. 614, 622-24 (1998).  However, no such showing has been made.

Shelton argues that I should address his first and second claims because they are considered structural errors that should be corrected even if procedurally

defaulted.[3]  He cites no legal authority in support of this theory that fundamental claims may be considered whenever they are raised, even after the case is final on appeal, and I find none.

Next, Shelton contends he has shown cause for default of his claim alleging inadequate jury instructions on the CCE count because this claim is "novel."  He contends that no reasonable basis existed on which to raise the claim earlier because the claim, which is constructed around an open legal question recognized in a dissenting opinion by Justice Kennedy in *Richardson v. United States*, 526 U.S. 813, 830-31 (1999), has not been decided in any case since *Richardson*.

The novelty doctrine applies as cause to excuse default of a habeas claim when "the state of the law [was] such that the legal basis for the claim was not reasonably available when the matter should have been raised."  *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999).  Shelton cannot meet this standard here.  His CCE claim based on *Richardson* was as available to him at the time of his trial in 2004-2005 as it was when he filed his § 2255 motion in 2008.  Thus, the novelty doctrine cannot excuse Shelton's failure to raise the claim at trial or on appeal.  Because I find

---

[3] Shelton does not attempt to excuse his procedural default of his fourth claim, regarding the calculation of his sentence.

-8-

that Shelton has not shown cause for his default of the CCE claim, I need not address his prejudice argument.

Because the Fourth Circuit has held that constructive amendments identified on appeal constitute plain error affecting substantial rights, *see United States v. Floresca*, 38 F.3d 706, 713 (4th Cir. 1994), Shelton argues that a miscarriage of justice will occur if I do not address his § 2255 claim that the indictment in this case was constructively amended. Shelton does not show cause, however, for failing to present the constructive amendment claim on appeal. Furthermore, he admits that his § 2255 motion does not present a claim of actual innocence as required to prove a miscarriage of justice sufficient to circumvent a procedural default. *Bousley*, 523 U.S. at 623.

### III

For the stated reasons, I conclude that Shelton's remaining § 2255 claims are properly dismissed sua sponte as procedurally defaulted.

A separate Final Order will be entered herewith.

ENTER: July 9, 2009

/s/ JAMES P. JONES
Chief United States District Judge